McCORD, Chief Judge.
Appellees have filed a motion to compel compliance with the Florida Rules of Appellate Procedure and for sanctions directed against appellant. The appeal is from a final summary judgment in favor of appel-lees. No record has been filed in this proceeding. Appellant’s brief is supported only by an appendix prepared in accordance with Fla.App.R. 9.220. Appellant contends the appendix is all that is required under the rule and that since he has filed an appendix, a record is not necessary.
We have examined Fla.App.Rule 9.220, which pertains to the filing of an appendix and nowhere in it do we find that it eliminates the filing of a record. Rule 9.110 sets out the procedure for review of final orders of lower tribunals and paragraph (e) provides:
“Within 50 days of filing the notice, the clerk shall prepare the record prescribed by Rule 9.200 and serve copies of the index on all parties. Within 110 days of filing the notice, the clerk shall transmit the record to the court.” (Emphasis supplied.)
Thus it is apparent that the record prescribed by Rule 9.200 must be prepared and filed. Nowhere in that rule is an appendix authorized in lieu of a record. Paragraph (e) provides:
*107 “The burden to ensure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or appellant. Any party may enforce the provisions of this rule by motion.”
Rule 9.220 permits the filing of an appendix with a petition, brief, motion or response but makes an appendix mandatory in certain proceedings enumerated therein. The filing of an appendix is in addition to and not in lieu of a record in appeal proceedings to review final orders of lower tribunals.
Appellees’ motion to impose sanctions is denied, but the motion to compel compliance by appellant with the Florida Rules of Appellate Procedure is granted and the time sequence set forth in Rule 9.110 shall begin anew for both parties from the date of this order in the same manner as though appellant’s notice were filed on the date of this order.
ERVIN and MELVIN, JJ., concur.